```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WESTMONT DEVELOPMENT GROUP, LLC<br><br>        Plaintiff,<br><br>    v.<br><br>TOWNSHIP OF HADDON, MAYOR RANDALL W. TEAGUE, COMMISSIONER JOHN C. FOLEY, COMMISSIONER PAUL DOUGHERTY, and CAMDEN COUNTY IMPROVEMENT AUTHORITY,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 07-5846 (JEI/JS)<br><br>**MEMORANDUM ORDER DENYING MOTION TO STAY**<br>**(Docket No. 73)** |

**APPEARANCES:**

David T. Shulick, Esq.
1635 Market Street
19th Floor
Philadelphia, PA 19103
    Counsel for Plaintiff

BROWN & CONNERY, LLP
By: William M. Tambussi, Esq.
    Christopher A. Orlando, Esq.
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
    Counsel for Defendants Township of Haddon, Mayor Randall W.
    Teague, Commissioner John C. Foley, and Commissioner Paul
    Dougherty

ARCHER & GREINER, PC
By: Vincent P. Sarubbi, Esq.
    Jenean E. Kirby, Esq.
    Kenneth J. Lackey, Esq.
One Centennial Square
Haddonfield, NJ 08033
    Counsel for Defendant Camden County Improvement Authority

**IRENAS,** Senior District Judge:

This matter having appeared before the Court upon the Motion by Plaintiff Westmont Development Group ("WDG") to Stay Judgment Pending Appeal, the Court having reviewed the motion, and it appearing that:

1. Plaintiff WDG initiated this action against Defendants Township of Haddon, Mayor Randall W. Teague, Commissioner John C. Foley, and Commissioner Paul Dougherty (collectively "Township Defendants") by filing a Complaint in December, 2007.  (Dkt. No. 1)  In January, 2008, the Complaint was amended to include the Camden County Improvement Authority ("CCIA") as a defendant. (Dkt. No. 8)

2. On April 11, 2008, the parties consented to the entry of an Order imposing temporary restraints on the conveyance of the Westmont Theater property.  (Dkt. No. 26)

3. On November 3, 2008, the Township Defendants moved for summary judgment and the dissolution of the restraints upon the alienation of the Westmont Theater.  (Dkt Nos. 42, 43)  That same day, CCIA moved for dismissal pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 44)

4. On June 9, 2009, the Court conducted oral argument regarding Defendants' dispositive motions.  On June 15, 2009, the Court issued an Opinion and Order granting summary judgment in favor of the Township Defendants, granting CCIA's motion to

dismiss, and dissolving the restraints upon the conveyance of the Westmont Theater.  (Dkt. Nos. 68, 69)

    5.   Thereafter, WDG filed a Notice of Appeal of this Court's decision to the United States Court of Appeals for the Third Circuit.  (Dkt. No. 70)

    6.   WDG now moves for a stay to prevent Defendants from "selling, conveying, or otherwise transferring any rights to the [Westmont] Theater and naming another redeveloper" during the pendency of WDG's appeal.  (Dkt. No. 73)  In its brief in support of that motion, WDG argues that this Court erred in its application of the summary judgment standard.  Thus, according to WDG, it has a strong likelihood of success on the merits of its appeal.  In addition, WDG argues that it will be irreparably harmed if a stay is denied, that Defendants will not be injured by the issuance of a stay, and that a stay is in the public interest.

    7.   Pursuant to Federal Rule of Civil Procedure 62(c), a court may "suspend, modify, restore, or grant an injunction while an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction."  *United States v. Trenk*, No. 06-1004, 2009 WL 1298420, at *5 (D.N.J. May 8, 2009).  The factors bearing on whether a stay pending appeal should be granted are as follows: "'(1) whether the stay applicant has made a strong showing that he is likely to

succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

8. WDG's assertion that it is likely to succeed on the merits of its appeal is tantamount to a motion for reconsideration. The current arguments advanced by WDG are indistinguishable from those rejected in the Court's Opinion of June 15, 2009. The Court does not believe that decision was in error, and hence is not persuaded that WDG has shown the requisite likelihood of success on appeal.

9. WDG argues it will be irreparably injured without a stay, because an interest in real property is at stake in this litigation. Indeed, courts have recognized the unique nature of real property as a potential basis for temporary equitable relief. *See In re Bella Vista Assocs., LLC*, Bankr. No. 07-18134, 2007 WL 4555891, at *10 (Bankr. D.N.J. Dec. 18, 2007) (collecting cases). It is notable, however, that WDG's moving brief quantifies its loss to date from the failed Westmont Theater contract at approximately $2,000,000. Such losses are compensable without a stay. In sum, this factor weighs only marginally in favor of a stay.

10. Issuance of a stay will substantially injure the

interests of Defendants.  There has already been an extensive delay in the redevelopment of the Westmont Theater, first during the term of the contract between WDG and the Township of Haddon, and later during the pendency of this litigation.  Thus, this factor mitigates against a stay.

11.  As to the final factor, WDG contends that the public interest lies with "hav[ing] a governing body that complies with the law."  While that is likely true, this Court has determined that the Township Defendants did comply with the law with respect to the contractual relationship with WDG.  There is also a public interest in the redevelopment of the Westmont Theater without further delay.  This factor does not favor a stay.

12.  On balance, only the second factor weighs in favor of a stay, and only marginally so.  Under such circumstances, a stay is not warranted.  *Trenk*, 2009 WL 1298420, at *6 ("The only factor favoring a stay is irreparable harm, but this alone is insufficient to support a stay pending appeal.").

13.  WDG, of course, may seek a stay from the United States Court of Appeals for the Third Circuit.  Alternatively, WDG may move before the Third Circuit to expedite its appeal.[1]

And for good cause shown;

---

[1] The Court expresses no opinion as to whether such a motion, if now filed, would be timely under the pertinent Third Circuit Local Appellate Rule.

**IT IS**, on this  22nd   day of July, 2009,

**ORDERED THAT**

1. WDG's Motion to Stay Judgment Pending Appeal is hereby **DENIED.**

                                  s/ Joseph E. Irenas
                                 **JOSEPH E. IRENAS, S.U.S.D.J.**